IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| INTERNATIONAL CHIMNEY CORPORATION, | * | |
| Plaintiff/Counter-Defendant, | * | |
| v. | * | Civil No. **PJM 17-2738** |
| NRG CHALK POINT, LLC, | * | |
| Defendant/Counter-Plaintiff. | * | |

## MEMORANDUM OPINION

International Chimney Corporation (ICC) brought a Complaint to Establish a Mechanic's Lien against NRG Chalk Point, LLC (NRG) in the Circuit Court for Prince George's County. Following NRG's removal of the case to this Court, ICC asked the Court to remand to state court. For the following reasons, the Court will **GRANT** ICC's Motion to Remand (ECF No. 19).

### I. FACTS AND PROCEDURAL HISTORY

This action arises from a construction project known as the Chalk Point Cooling Tower Unit No. 3 Repair Project (the Project), located at 25100 Chalk Point Road, Aquasco, Maryland. NRG, the owner of the Chalk Point Generating Station, signed a contract with ICC in November 2013 under which ICC was to supply labor and materials in performing interior and exterior repairs to Cooling Tower Unit No. 3. Apparently payment was not made to ICC in timely fashion.

Accordingly, on July 25, 2017, ICC filed a Notice of Petition to Establish Mechanic's Lien against NRG in Prince George's County Circuit Court, Case No. CAE17-17999 (ICC State Court Action). An Order to Show Cause issued by Circuit Court Judge Nicholas E. Rattal set a

hearing for September 22, 2017. On September 14, 2017, however, NRG removed the case to this Court on the basis of diversity jurisdiction.

There was a wrinkle. On September 8, 2017, prior to NRG's removal of the case, Vector Construction, Inc., a subcontractor of ICC on the Project, filed its own Complaint to Establish Mechanic's Lien in Prince George's County Circuit Court, Case No. CAE17-2358 (Vector State Court Action). The Vector State Court Action concerns the identical property and Project that are the subject of the instant action.

ICC filed its Motion to Remand in the present docket on October 13, 2017, arguing that the Court should abstain from hearing the case under the prudential abstention doctrine and on the grounds articulated in *Princess Lida of Thurn and Taxis v. Thompson,* 305 U.S. 456 (1939), in view of the parallel state proceeding (the Vector State Court Action). Then, after ICC filed its Motion here, NRG attempted to remove the Vector State Court Action to this Court. NRG therefore contends that ICC's Motion is moot and the *Princess Lida* doctrine does not apply because there is no pending state court suit after its removal of the Vector State Court Action.[1]

## II. ANALYSIS

The removing party bears the burden of proving that a federal court has jurisdiction. *Lexington Mkt. v. Desman Assocs.,* 598 F. Supp. 2d 707, 709 (D. Md. 2009) (citing *Lloyd v. General Motors Corp.,* 560 F. Supp. 2d 420, 422 (D. Md. 2008)). Because of the significant federalism concerns raised by lifting cases from state court, removal jurisdiction is to be narrowly interpreted and district courts must resolve all doubts in favor of remand. *Id.*

The *Princess Lida* doctrine provides one such limit on federal jurisdiction. "According to the *Princess Lida* doctrine, a federal court may not exercise jurisdiction when granting the relief

---

[1] In a separate Order issued today, the Court has remanded the Vector suit because it was improperly removed. *Vector Construction Inc. v. NRG Chalk Point, LLC, et al.,* Civil No. PJM 17-3050.

2

sought would require the court to control particular property or res over which another court already has jurisdiction." *See Al–Abood v. El– Shamari*, 217 F.3d 225, 232 (4th Cir. 2002) (citing *Princess Lida of Thurn and Taxis*, 305 U.S. at 465–67). Rather, the court first assuming jurisdiction over the property "may maintain and exercise that jurisdiction to the exclusion of the other." *Princess Lida of Thurn and Taxis*, 305 U.S. at 466. "The doctrine is necessary to the harmonious cooperation of federal and state tribunals." *Id.* at 466-67.

The property at issue in the Vector State Court Action is incontrovertibly the same property at issue in the ICC State Court Action removed to this Court. Because there was and now is a pending state court case, this Court has determined to remand this case to the court that first obtained jurisdiction over the property.

### III. CONCLUSION

For the foregoing reasons, ICC's Motion to Remand (ECF No. 19) is **GRANTED**.

A separate Order will **ISSUE**.

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

December 28, 2017